## APPEL v. OVERHOLSER.

No. 9483.

United States Court of Appeals District of Columbia.

Argued Oct. 6, 1947.

Decided Nov. 10, 1947.

Mr. Edwin A. Mooers, Jr., of Washington, D. C., (appointed by this court), for appellant.

Mr. John D. Lane, Asst. U. S. Atty., of Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., and Oliver Dibble, Asst. U. S. Atty., both of Washington, D. C., were on the brief, for appellee.

Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and CLARK and WILBUR K. MILLER, Associate Justices.

PER CURIAM.

This is an appeal from a final order of the United States District Court dismissing a petition for habeas corpus, discharging the writ and remanding appellant to the custody of the Superintendent of St. Elizabeths Hospital.

The record shows that appellant has been an inmate of the hospital since 1926. In the last four years three or four writs have issued to compel his release, but in each case the writ was discharged and petitioner returned to the hospital. The present writ was heard December 5, 1946, at which time appellant was represented by counsel. Appellant and the psychiatrist, under whose supervision petitioner had been for more than ten years, testified. No request was made at the trial for report and examination by the Mental Health Commission of the District of Columbia, and at the conclusion of the hearing the District Judge found that petitioner was still of unsound mind, suffering from dementia praecox, paranoid type, and was in need of continued hospitalization.

On this appeal the single question we are asked to answer is whether the trial court was required, before decision, to submit the question of petitioner's mental condition to the Commission on Mental Health. Petitioner's counsel in the argument in this court insists that this question should be answered affirmatively on the authority of De Marcos v. Overholser, 78 U.S.App.D.C. 131, 137 F.2d 698, and Overholser v. Treibly, 79 U.S.App.D.C. 389, 147 F.2d 705. In the De Marcos case [78 U.S.App.D.C. 131, 137 F.2d 700] we said: "While the Act[1] by its terms does not make it mandatory on the court to request a report from the Commission on Mental Health, nevertheless, having in view its history and purpose, we think it broad enough to justify our finding in its provisions a discretion in the court to require the Commission's expert assistance in a case in which, by reason of his poverty, a petitioner is unable to secure the testimony of other professional witnesses."

And to this we added: " * * * in an exceptional case where the record casts doubt on the judgment of those who hold the petitioner in confinement the court should compel him to undergo examination by the Commission on Mental Health."

---

[1] D.C.Code 1940, § 21—308 (creating Commission on Mental Health).

The Treibly case is no more than a reiteration of what we had said in the De Marcos case. What we held in the latter case we adhere to in all respects, but we find nothing in that case to indicate a purpose on our part to qualify or lessen the normal discretion of the trial judge. The head and front of our ruling was rather to widen and expand that discretion so that in insanity cases of real doubt the judge, of his own motion, would feel free to avail of the services of the Commission. Here the petitioner's own evidence, when considered with the evidence of the doctor-psychiatrist who has had charge of him, is certainly not compelling of the conclusion that petitioner's sanity is restored, nor is it strong enough to create such a doubt as to require—under the rule in the De Marcos case—calling in the assistance of the Commission. In this view there is nothing in the case to warrant our saying that the judge abused his discretion.

Affirmed.